Arthur B. Berger (6490)
Samuel C. Straight (7638)
RAY, QUINNEY & NEBEKER
79 South Main Street
P.O. Box 45385
Salt Lake City, Utah 84145-0385
 Telephone: (801) 532-1500

Attorneys for the United States Olympic Committee
and the Salt Lake Organizing Committee for the
Olympic Winter Games of 2002

FILED
2002 FEB -5 P 4: 42

U.S. DISTRICT COURT
DISTRICT OF UTAH

**UNSEALED**

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OLYMPIC COMMITTEE, a non-profit Congressionally chartered corporation, and SALT LAKE ORGANIZING COMMITTEE FOR THE OLYMPIC WINTER GAMES OF 2002, a non-profit Utah corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-50 and ABC COMPANIES 1-50,<br><br>Defendants. | PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE<br><br>Civil No. _____<br><br>Judge _____<br><br>**FILED UNDER SEAL** |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, the United States Olympic Committee (the "USOC") and the Salt Lake Organizing Committee for the Olympic Winter Games of 2002 ("SLOC") (collectively "Plaintiffs") hereby respectfully apply to the Court, ex parte, for a temporary restraining order, seizure order, and an order to



show cause why a preliminary injunction should not issue against Defendant Does 1-50 and ABC Companies 1-50 (collectively "Defendants"), pending a hearing on Plaintiffs' motion for preliminary injunction, as follows:

1.  Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendants, or any of them, be enjoined from directly or indirectly using in commerce, reproducing, manufacturing, importing, exporting, advertising, displaying, selling, offering for sale, or distributing anything whatsoever:

   a.  that contains any of the Plaintiffs' marks (collectively "Olympic-Related Marks"), including but not limited to the following:

   (i)   the five interlocking Olympic rings (the "OLYMPIC SYMBOL");

   (ii)  the symbol of the International Paralympic Committee consisting of three TaiGeuks (the "PARALYMPIC SYMBOL");

   (iii) the words OLYMPIC, OLYMPIAD, CITIUS ALTIUS FORTIUS, PARALYMPIC, and PARALYMPIAD, or any combination of those words;

   (iii) any combination or simulation of the words OLYMPIC, OLYMPIAD, CITIUS ALTIUS FORTIUS, PARALYMPIC, or PARALYMPIAD, tending to cause confusion or mistake, to deceive, or to falsely suggest a connection with the USOC or any Olympic activity;

   (iv)  the emblem of the USOC, consisting of an escutcheon having a blue chief and vertically extending red and white bars on the base with five interlocking rings displayed on the chief;

(v) any of the registered trademarks shown in Exhibits 1 through 7 to the Verified Complaint, and any trademark, trade name, sign, symbol, or insignia falsely representing association with, or authorization by, the USOC, including the OLYMPIC SYMBOL, and the marks OLYMPIC, OLYMPIAD, OLYMPIAN, FUTURE OLYMPIAN, USA OLYMPICS (and Design), UNITED STATES OLYMPIC COMMITTEE (and Design), U.S. OLYMPIC TEAM TRIALS, TORCH COLLECTION, PASSING THE TORCH, PARALYMPIC, the PARALYMPIC SYMBOL, GO FOR THE GOLD, SALT LAKE CITY 2002, SALT LAKE 2002, SLOC, THE WORLD IS WELCOME HERE, XIX SALT LAKE CITY, SLOC's multi-colored snow crystal symbol (the "GAMES LOGO"), and/or Powder, Copper and/or Coal, the 2002 Olympic Winter Games Mascots (the "OLYMPIC MASCOTS"), either alone or in combination with other words, marks, or symbols, or any words, designations, trademarks, service marks, emblems, symbols, terminology, or insignia that are similar to any Olympic-Related Marks, in any style or media whatsoever, unless such items are purchased from the USOC, SLOC, or the USOC's or SLOC's official licensees; and

b. that contains any word, designation, trademark, service mark, emblem, symbol, terminology, or insignia related, associated, or connected in any manner with the USOC, SLOC, any Olympic-related entity, or the Olympic Games, or likely to be related, associated, or connected by the public with the USOC, SLOC, any Olympic-related entity, or the Olympic Games, unless such items are purchased from the USOC, SLOC, or the USOC's or SLOC's official licensees;

  c. that contains any word, designation, trademark, service mark, emblem, symbol, terminology, or insignia falsely representing or likely to falsely represent goods or services as those of the USOC, as licensed by the USOC; as those of SLOC, as licensed by SLOC; or as those of any Olympic-related entity, as licensed by any Olympic-related entity;

  d. Unfairly competing with the USOC or SLOC in any manner whatsoever;

  e. Diluting the distinctiveness in any manner whatsoever of any of USOC's and SLOC's respective trademarks and/or symbols; and

  f. Causing a likelihood of confusion with any of the USOC's and SLOC's respective trademarks and/or symbols.

  2. That each Defendant be directed to file with this Court and serve on the USOC and SLOC within thirty days after the service of any injunction order, a report in writing, under oath, setting forth in detail the manner and form in which that Defendant has complied with the injunction.

  3. That a Federal, state, or local law enforcement officer or officers ("Law Enforcement"), assisted and accompanied by one or more attorneys or agents for the USOC and/or SLOC, shall serve an ex parte seizure order ("Order") on Defendants by providing a copy of the Order to any person having possession, custody, or control of any items described in paragraph 4 below, with the USOC and/or SLOC to bear all costs of service.

  4. That Law Enforcement, upon serving the Order on Defendants, assisted and accompanied by one or more attorneys or agents for the USOC and/or SLOC, seize, impound, and inventory the following:

      a.    all goods, merchandise, labels, signs, prints, packages, wrappers, receptacles, and advertising in the possession, custody, or control of the Defendants falsely bearing any Olympic-Related Marks, or any portion thereof, and including any reproductions, counterfeits, copies, or colorable imitations thereof, and all plates, molds, matrices, silk-screen apparatus, embroidery tapes, and other means of making the same; and

      b.    all records documenting the manufacture, sale, or receipt of things falsely bearing any Olympic-Related Marks, or any portion thereof, or any reproductions, counterfeits, copies, or colorable imitations thereof including, but not limited to, documents evidencing the source of such materials, the identities of the persons to or from whom such articles have been sold, transferred, or distributed, the quantity of such articles in Defendants' control, and Defendants' profits in connection with the sale, transfer, or distribution of such merchandise.

5.    That Law Enforcement, assisted and accompanied by one or more attorneys or agents for the USOC and/or SLOC, take the actions set forth in paragraph 4 above at:

      a.    any location within this judicial district at which Defendants are manufacturing, importing, exporting, advertising, displaying, selling, offering for sale, distributing, or storing such items;

      b.    any other location within this judicial district owned or controlled by Defendants of which Plaintiffs become aware during review of Defendants' records; or

      c.    any other location within this judicial district that Defendants identify.

6. That Law Enforcement, accompanied by one or more attorneys or agents for the USOC and/or SLOC, in order to take the actions set forth in paragraphs 3-5 above, may use such force as is reasonably necessary under the circumstances, including force necessary to enter premises owned, leased, or otherwise controlled by Defendants, and/or such other locations in which items identified in paragraph 4 above are likely to be found, and to inspect the contents of any rooms, vehicles, closets, cabinets, containers, cases, bags, desks, or documents in Defendants' possession, custody, or control.

7. That any items seized pursuant to paragraph 4 are in the constructive custody of the Court, and that:

    a. One sample of each item shall be delivered to Plaintiffs' counsel;

    b. The remaining items shall be delivered by Law Enforcement or Plaintiffs' representatives to Constable Robert Reitz, 7304 South 300 West, Midvale, Utah 84047 (the "Custodian") to be inventoried, sealed in boxes, and stored in a commercial storage facility pending further order of this Court;

    c. Law Enforcement or Plaintiffs' representatives shall provide Defendants a receipt for any items seized pursuant to paragraph 4;

    d. The Custodian shall allow the parties and their counsel, agents, or representatives reasonable access to inspect any items seized pursuant to paragraph 4 and stored pursuant to this paragraph during normal business hours upon reasonable notice to the Custodian;

  e. The Custodian shall be present during, and oversee, such inspection and shall break the seals on the boxes containing the items when the inspecting party is present. When the inspection is complete, the Custodian shall reseal the boxes.

  f. At the time each inspection is completed, all those present during the inspection, including the Custodian or his authorized representative, shall complete the form attached to the proposed Order. The Custodian shall retain the original of the form.

  8. That Plaintiffs may make a photographic or videotape record of the service of the Order and any actions or items set forth in the Order.

  9. That Law Enforcement, Plaintiffs, and Plaintiffs' agents or attorneys shall not disclose to any third party, pending further order of this Court, any trade secrets or other confidential information seized pursuant to paragraph 4 above.

  10. That Defendants provide Law Enforcement, assisted by one or more attorneys or agents for the USOC and/or SLOC, with access to the things identified in paragraph 4 above and to render all reasonable assistance to such individuals in conducting the actions identified in paragraphs 3-5 above, and that Defendants not obstruct or interfere, or encourage or permit any other person to obstruct or interfere, with such actions.

  11. That Defendants immediately provide Law Enforcement, or the attorneys or agents of the USOC and/or SLOC, correct names, social security numbers, driver's license numbers, residential and business addresses, telephone numbers, and a list of the names and addresses of all persons or other entities with whom Defendants have contracted or entered into negotiations for the sale or purchase of items falsely bearing Olympic-Related Marks, or any portion thereof, or any reproduction, counterfeit, copy, or colorable imitation thereof.

12. That the actions described in paragraphs 3-11 above are to take place during the 19-day period around the 2002 Olympic Winter Games beginning February 6, 2002 through and including February 24, 2002.

13. That Defendants be required during this proceeding to preserve, surrender, and deliver up to the USOC and/or SLOC any items described in paragraph 4 above, which are or may be discovered by Defendants after the seizure requested herein.

14. That Defendants are prohibited, pending further order of this Court, from disclosing any facts or other information pertaining to this action, including the fact of its filing, to any person other than their attorneys, specifically including, but not limited to, their sources of, and customers for, goods or merchandise falsely bearing Olympic-Related Marks.

15. That Defendants show cause why a preliminary injunction consistent with any relief temporarily ordered by the Court should not be entered against them.

16. That Plaintiffs jointly post security, in the form of a bond or cash, in a sum to be determined by the Court, and that, if Plaintiffs post a cash bond, the Clerk of Court be ordered to deposit such funds in the Court's registry until further order of the Court.

17. That on the conclusion of this proceeding the USOC and SLOC are authorized by the Court to dispose of any items, seized, surrendered, or delivered up to the USOC and SLOC by the Defendants pursuant to the Order, or otherwise, at the USOC's and SLOC's discretion.

The USOC and SLOC so move on the grounds that the Defendants are making unauthorized and counterfeit use of Olympic-Related Marks, in violation of the Olympic and Amateur Sports Act and the Lanham Act, and in a manner that is likely to confuse consumers as to the source, origin, sponsorship, approval, or affiliation of Defendants' goods and merchandise.

The Defendants' unauthorized use of these marks is causing the USOC and SLOC irreparable harm.

The grounds for the USOC and SLOC's application are more fully set forth in the Verified Complaint filed in this action and in the supporting memorandum and exhibits filed herewith.

DATED this 5th day of February, 2002.

RAY, QUINNEY & NEBEKER

_____
Arthur B. Berger
Samuel C. Straight

Attorneys for the United States Olympic Committee and the Salt Lake Organizing Committee for the Olympic Winter Games of 2002

631511